UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
YAROSLAV SURIS, on behalf of himself and  :
all others similarly situated,            :    Case No. 1:22-cv-06961-NRM-RML
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :
                                          :
CRUTCHFIELD NEW MEDIA, LLC. d/b/a         :
CRUTCHFIELD,                              :
                                          :
          Defendant.                      :    Served: February 22, 2023
---------------------------------------------------------------x

**Defendant's Reply in Support of its Motion to Dismiss**

**Preliminary Statement.** On Jan. 26, 2023, Defendant Crutchfield New Media, LLC served its motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), together with a supporting memorandum (Motion) and supporting declaration (Cabell Dec.). On Feb. 16, 2023, Plaintiff Yaroslav Suris served his opposition (Opp.) to that motion. Defendant submits this reply in response to that opposition, and in further support of its motion to dismiss.

Plaintiff's opposition is notable for what is missing. With one minor exception, Plaintiff does not contest any of the sworn facts submitted by Defendant showing Plaintiff lacks standing to bring this lawsuit and this Court lacks personal jurisdiction over Defendant. Thus, Plaintiff does not—and cannot—dispute that Defendant corrected the three minor alleged issues with its website, www.crutchfield.com (Website) so that the Website is indisputably accessible today to deaf or hard-of-hearing persons, and that Defendant has no presence in New York so that the only specific connection to this lawsuit is *Plaintiff's* unilateral decision to view the Website in New York. Indeed, Plaintiff did not submit any sworn facts to contradict any factual assertion made in support

of the motion to dismiss, and did not amend his complaint to add any factual assertions showing the existence *today* of either standing or personal jurisdiction.

Similarly, Plaintiff did not cite—must less distinguish—controlling or persuasive authority cited by Defendant in support of the motion to dismiss. Significantly, Plaintiff did not even cite the recent, dispositive, Second Circuit decision holding that plaintiffs asserting only a vague intention to return to defendants' establishments lacked standing to bring claims under the Americans with Disabilities Act (ADA) against retailers relating to gift cards, *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68 (2d Cir. 2022). Similarly, Plaintiff did not cite the leading cases in this district in which the Plaintiff or his counsel lost the issue whether a website is a "place of public accommodation" under the ADA. In short, Plaintiff's opposition is premised on turning a blind eye to both the facts and the law.

**Standing.** Plaintiff's assertion that he has standing (Opp. 2–5) is wrong for at least four reasons. *First*, Plaintiff asserts or implies that standing is only assessed at the time the complaint is filed. *See* Opp. 2 ("What is interesting and correct is that the Defendant has not denied that the videos identified In the Plaintiff's Complaint *were* not working properly and *lacked* closed captioning.") (emphasis added); Opp. 5 ("The fact that Defendant fixed the problem on the three videos mentioned by the Plaintiff, although proper, is irrelevant to the determination of standing."). As the Second Circuit expressly stated last year, that is incorrect. "*At all stages of litigation*, 'the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing.'" *Calcano,* 36 F.4th at 74 (emphasis added and quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)). Thus, Plaintiff's concession that Defendant and Crutchfield Corporation (collectively, Crutchfield) "fixed the problem" (Opp. 5) eliminates his on-going standing to pursue this litigation.

2

*Second*, Plaintiff does not—and cannot—dispute that Crutchfield "fixed the problem." To recap, Crutchfield was unaware of any problems with close captioning of any of its over 4,000 videos until it received this complaint; Crutchfield found that the three videos actually had close captioning, but it wasn't appearing due to some technical glitch; Crutchfield and its vendor that provides its close captioning fixed the problem within *one day*, and then reviewed all of its 4,000 videos within *one week* to ensure they displayed close captioning for dialogue. *See* Cabell Dec. ¶¶ 33–38.

The only minor factual detail that Plaintiff disputes is based on a misreading of the Cabell Declaration. *See* Opp. 4. Cabell did not say that Plaintiff or Plaintiff's counsel said they had reviewed all of the videos on the Website, only that they had been asked to identify any other accessibility issues on the Website, and that they had not pointed to any other issue. Cabell Dec. ¶ 39. Indeed, Plaintiff does not identify *any* other alleged problem in his opposition, and did not amend his complaint to make any such allegation. Although it may be a high standard to show mootness, *see* Opp. 4, it is not an impossible standard and Plaintiff does not dispute it is met here.

*Third*, Plaintiff's argument that the Website may become inaccessible in the future is based on rank speculation. Plaintiff does not—and cannot—dispute that Crutchfield not only fixed the alleged minor technical issues that affected less than 1% of its videos, but that it took two additional measures to prevent these issues from reoccurring in the future. Cabell Dec. ¶¶ 40–42. Without any explanation or supporting facts, Plaintiff merely counters that these additional measures are "insufficient" to prove the Website "will always be compliant," and that they are not a "guaranty." Opp. 5. That, of course, is not the standard. Plaintiff failed to meet his burden to show that the alleged discriminatory treatment will continue. *See Lopez v. Arby's Franchisor, LLC,* 2021 WL 878735, *3 (S.D.N.Y. Mar. 8, 2021).

*Fourth*, Plaintiff does not even acknowledge—much less meet—the *Calcano* standard requiring plausible allegations of a real and immediate threat of future injury through specific facts showing an intention or desire to return once the alleged barriers have been torn down. *See Calcano,* 36 F.4th at 75 (cited in Motion 5–7, 9–10). Indeed, Plaintiff does not dispute that he has never returned to the Website even though he concedes Crutchfield "fixed the problem" months ago. *See* Motion 10. Likewise, Plaintiff does not dispute that the cut-and-paste allegations in his complaint filed after *Calcano* was decided are even more barebones than the allegations found insufficient by the Second Circuit. *See id*. In short, Plaintiff lacks continuing standing to bring this lawsuit.

**Personal Jurisdiction.** Although Plaintiff asserts that this Court has personal jurisdiction over Crutchfield (Opp. 5–8), notably, Plaintiff does not dispute any of the facts alleged by Crutchfield that demonstrate the lack of such jurisdiction due to the lack of any presence in New York and the lack of any efforts to target New York with its website or other marketing. *See* Cabell Dec. ¶¶ 13–26. Plaintiff's attempt to cherry-pick the Cabell Declaration is unavailing. *First*, Plaintiff asserts that Crutchfield "advertises" in Consumer Reports (which does not accept advertising) and Newsweek, which are distributed in New York, *see* Opp. 7, but that is simply a misreading of the declaration; Crutchfield did not advertise but simply won awards for its customer service from those publications. *See* Cabell Dec. ¶ 9. Because those publications are not targeted at New York, these mistaken assertions are also irrelevant. *See* Motion 13 (collecting cases).

*Second*, Plaintiff asserts that the Website is visible in all 50 states, and Crutchfield sells about 5% of its products in New York, *see* Opp. 7, both of which are true but irrelevant. Plaintiff does not dispute that simply operating a website accessible anywhere in the world is insufficient to establish that Crutchfield is transacting business in New York, *see* Motion 13 (collecting cases),

4

or that selling products is insufficient to ground personal jurisdiction under the Due Process Clause over an unrelated claim concerning the accessibility of the Website. *See id*. 14–15 (collecting cases).

*Third*, Crutchfield's willingness to provide "lifetime help to customers with technical questions about any gear they buy from Crutchfield," Opp. 8 (quoting Cabell Dec. ¶ 8), is likewise insufficient to create specific personal jurisdiction concerning an unrelated claim from a non-customer about his ability to watch videos on the Website. On this undisputed factual record, it should be self-evident that the Court lacks personal jurisdiction over Crutchfield.

**Website Contradicts Complaint.** Defendant moved to dismiss this case under Fed. R. Civ. P. 12(b)(6) on the grounds that the actual website contradicted the conclusory assertions of inaccessibility in the complaint, and the Court could—and should—consider the actual webpages instead of Plaintiff's characterization of those webpages. *See* Motion 7, 16 (collecting cases). Plaintiff does not contest this legal proposition, and does not deny that the actual webpages contradict his claim of inaccessibility. In other words, Plaintiff's claim is not plausible and should be dismissed.

**Notice and Accommodation.** Defendant moved to dismiss this case under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff never provided notice to Crutchfield of his alleged disability and Crutchfield never refused to provide a reasonable accommodation. *See* Motion 16–17 (collecting cases). Plaintiff does not dispute that he failed to provide any notice or seek any accommodation before filing suit, and does not take issue with the cited cases (or indeed, cite any cases). Instead, he claims that he did not have to engage in this iterative process based on a carefully edited U.S. Department of Justice (DOJ) regulation, 28 C.F.R. § 36.303. *See* Opp. 9–11.

Plaintiff assumes, but does not explain, why this DOJ regulation applies to Crutchfield's website. *Cf. Calcano*, 36 F.4th at 85–87 (Lohier, J., concurring in the judgment) (concluding DOJ regulation did not require Braille gift cards as an auxiliary aid or service). Likewise, Plaintiff assumes, but does not explain, why this DOJ regulation *requires* close captioning because "[b]ecause the ADA allows for the defendants to provide auxiliary aids and services *of their choice*." *Id.* at 85 (emphasis added).

Even assuming this regulation has any applicability, Plaintiff excises the portion of the regulation that contemplates an interactive process between the disabled person and the entity from which a reasonable accommodation is sought. Plaintiff points to 28 C.F.R. § 36.303(c)(1)(ii) in support of his argument that he could sue without first asking for an accommodation, and quotes it as follows:

> (1) A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. This includes an obligation to provide effective communication to companions who are individuals with disabilities.
>
> (ii) … In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

Opp. 10 (ellipsis added by Plaintiff). The excised portion quoted by Judge Lohier tells a very different tale:

> A public accommodation should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication, but the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication.

*Calcano*, 36 F.4th at 85 (Lohier, J., concurring in the judgment) (quoting 28 C.F.R. § 36.303(c)(1)(ii)). Stated differently, the only caselaw cited, and the unedited DOJ regulation, as

quoted by Judge Lohier in *Calcano*, lead to the same conclusion—Plaintiff was required to notify Crutchfield of his alleged disability and seek a reasonable accommodation before filing suit.

**Place of Public Accommodation.** Defendant moved to dismiss this case under Fed. R. Civ. P. 12(b)(6) on the grounds that a website is not a "place of public accommodation" under the ADA. *See* Motion 17–21 (collecting cases). Plaintiff obviously disagrees, primarily relying upon out-of-district cases. *See* Opp. 11–14 (citing 10 times *Nat'l Fed. of the Blind v. Scribd*, 97 F. Supp. 3d 565 (D. Vt. 2015)). Although Plaintiff has cited a handful of cases that concluded websites are places of public accommodation, Plaintiff does not cite, must less grapple with, his own prior lawsuit in this district that concluded otherwise. *See Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021) (cited in Motion 18). Likewise, Plaintiff does not cite, much less engage with, the comprehensive analysis from the leading case in this district handled by his counsel that explains why a website is not a place of public accommodation, including why he is misreading the Second Circuit case cited in his opposition. *See Winegard v. Newsday*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021) (cited in Motion 18–20). Suffice it to say, we believe that the *Gannett* and *Newsday* courts have the better of the argument why Plaintiff and his counsel are wrong when they argue that websites are places of public accommodation.

**Supplemental Jurisdiction.** Defendant argued that if the Court dismissed Plaintiff's federal ADA claim under Fed. R. Civ. P. 12(b)(6), it should then decline supplemental jurisdiction under 28 U.S.C. § 1337(c) over Plaintiff's parallel state and local claims. *See* Motion 21. Plaintiff does not disagree that this is the ordinary course of action under such circumstances.

Plaintiff makes a different argument, namely, that if the Court *denies* the motion to dismiss Fed. R. Civ. P. 12(b)(6), it should assert supplemental jurisdiction over Plaintiff's state and local claims. *See* Opp. 14–15. *If* the Court were to find that it has subject matter jurisdiction, and *if* the

7

Court were to find that it has personal jurisdiction, and *if* the Court were to find that Plaintiff has stated a plausible federal ADA claim, Defendant does not object to the Court exercising supplemental jurisdiction over Plaintiff's parallel state and local claims. But, none of those contingencies should come to pass.

**Conclusion.** Defendant respectfully requests that its motion to dismiss be granted.

Dated: February 22, 2023

Respectfully submitted,

Richard S. Mandaro
Amster, Rothstein & Ebenstein LLP
405 Lexington Avenue, 48th Floor
New York, NY 10174
(212) 336-8106 (direct)
(516) 650-1080 (cell)
rmandaro@arelaw.com

/s/ Peter J. Brann
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME  04243-3070
(207) 786-3566 (general)
(207) 557-8881 (cell)
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*