UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Yaroslav Suris,

        Plaintiff,

v.

Crutchfield New Media, LLC,

        Defendant.

**MEMORANDUM & ORDER**

No. 1:22-cv-06961-NRM-RML

NINA R. MORRISON, United States District Judge:

    In this action, Plaintiff Yaroslav Suris claims that Defendant Crutchfield New Media LLC's website denies equal access to customers who are deaf or hard of hearing. He asserts the website does not comply with Title III of the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §§ 12181 *et seq*.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*.; the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40-c; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*. Defendant moves to dismiss under three different subparts of Federal Rule of Civil Procedure 12(b): under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

    The Court agrees with Defendant that (1) Plaintiff has not adequately pled that he suffered an injury in fact as a result of the alleged access barriers, and (2)

1

that his request for injunctive relief is now moot. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

I.   Background

Defendant Crutchfield New Media LLC is a business selling consumer electronic products. *See* Compl., ECF No. 1, ¶¶ 23–24. Crutchfield sells "a wide range of consumer electronics products," including "car and home audio products, televisions, professional audio products, home health care products, electronic watches, home security components, and more." Cabell Decl., ECF No. 14-2, ¶ 5. Crutchfield has two brick-and-mortar locations in Virginia and has operated a website selling its products since 1995. Cabell Decl. ¶¶ 3, 14. Plaintiff Yaroslav Suris is legally deaf and resides in the Eastern District of New York. Compl. ¶ 20–21.

Plaintiff alleges that on October 20, 2022, he went to Crutchfield's website "in order to watch a video review to buy a product." Compl. ¶ 12. However, he found that the videos lacked closed captioning, and so he was unable to access them. *Id.* ¶ 44. He attempted to "watch the video to purchase products and learn about product information, technological innovations, installation instructions and other information concerning televisions, speakers, headphones, drones, car stereos, marine audio and other product information." *Id.* ¶ 22. He alleges he attempted to watch three videos specifically: "New Features in Kenwood Navigation Receivers," "Crutchfield Vehicle-Specific Instructions – How to remove the radio and speakers from your vehicle," and "How to wall-mount your TV," and none of these videos had

2

closed captioning. *Id.* Plaintiff does not allege that he attempted to purchase any of these products and was unable to do so, or that he encountered any obstacles in making an actual purchase from the website.

Plaintiff filed a complaint on November 12, 2022, asserting violations of the Americans with Disabilities Act and related state law claims, on behalf of a putative class of deaf and hard-of-hearing individuals. *Id.* ¶¶ 2, 6. Defendant moves to dismiss the complaint.

## II. Discussion

### a. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

Like standing, mootness is addressed under 12(b)(1). *See Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023). For a federal court to have subject matter jurisdiction, "an actual controversy must be extant at all stages of [its] review," and if "an intervening circumstance deprives

the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, [then] the action . . . must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013) (internal quotation marks and citation omitted).

Additionally, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### b. Standing

The Court must dismiss plaintiff's claims because he has failed to satisfy the standing requirement. "At all stages of litigation, the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (internal quotation marks omitted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2016)). Although courts "generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue.'" *Calcano*, 36 F.4th at 75 (alterations omitted) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015)).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 1290, 2203

4

(2021). The Second Circuit has applied *TransUnion* in the ADA context, setting forth clear requirements for what a Plaintiff must allege to demonstrate injury in fact, and requiring factual specificity in making these allegations. In the ADA context, "a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location.'" *Calcano*, 36 F.4th at 74 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). The "central inquiry" of this factor is "not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 75 (internal quotation marks omitted) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)).

Here, Plaintiff's claim fails on the third prong of the *Calcano* test: intent to return. Plaintiff has failed to establish an injury in fact under the ADA because he does not offer any "non-conclusory factual allegations" that demonstrate a plausible intention to return to Defendant's website but for the barriers to access. *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 156 (2d Cir. 2012). Instead, the complaint merely asserts in a conclusory manner that Plaintiff "would like to and intend[s] to visit the Website in the future and try to purchase products and access video content as non-deaf individuals can and do." Compl. ¶¶ 44, 22; *see also id.* ¶ 12 ("The Plaintiff and Class members intend to revisit the

5

Website for content and information about products they can purchase including information concerning technological innovations, instructions, televisions, speakers, headphones, drones, car stereos, marine audio, home receivers and other products and product information.").

Plaintiff's allegations here are even less detailed than those found deficient in *Calcano*. Although Plaintiff does offer some factual context for his past visits, including the date on which he visited Defendant's website and the names of the videos he was unable to access, he offers no factual context for his intent to return to the website. In *Calcano*, the Second Circuit held that plaintiffs failed to adequately plead standing where they alleged that they lived "in close proximity to" the brick-and-mortar establishment defendants, had been "a customer at Defendant's [location] on prior occasions, and intend[ed] to immediately purchase at least one store gift card from Defendant" as soon as they were accessible. *Calcano*, 36 F.4th at 76 (internal quotation marks omitted) (first alteration in original). These assertions were "nothing more than legal conclusion[s] couched as . . . factual allegation[s]," *id.* (alterations in original), and, as such, were "conclusory and d[id] not raise a reasonable inference of injury." *Id.*

Here, Plaintiff offers no explanation as to what products he intends to return to purchase, why he is interested in purchasing those products, or any "description of concrete plans" or "specification of when the 'some day'" he plans on returning will be. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (internal quotation marks and citations omitted) ("[S]ome day intentions . . . do not support a

6

finding of the actual or imminent injury that Article III requires."). At one point, Plaintiff lists the products he (and putative class members) are interested in purchasing, *see* Compl. ¶ 12, but this list is so lengthy (and indeed contains virtually every type of product Defendant sells) that it does not aid in demonstrating specificity. In cases where district courts have found intent to return adequately pled, Plaintiffs have alleged far more concrete facts. *See, e.g.*, *Walters v. Fischer Skis, U.S., LLC*, 6:21-cv-1115 (LEK/ATB), 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022) (finding future harm adequately alleged where "Plaintiff asserts that he needs to update his ski gear and would like to, and intends to, attempt to access the Digital Platform in the future to research and potentially purchase products and explore the services [offered] . . . in advance of his next ski trip."); *Chalas v. Barlean's Organic Oils, LLC*, No. 22 CIV 04178 (CM), 2022 WL 17156838, at *3 (S.D.N.Y. Nov. 22, 2022) (finding intent to return adequately pled where the plaintiff indicated that she wanted to purchase a specific product for her cousin, after hearing "that this product in particular could relieve her cousin's issue," and citing awards the defendant won, explaining why she wanted to "buy from Defendant's website in particular").

By contrast, following *Calcano*, district courts have dismissed for lack of standing in ADA website cases raising conclusory allegations similar to what Plaintiff raises here. *See, e.g.*, *Velazquez v. Everlast Worldwide, Inc.*, No. 22-CV-9211 (VSB), 2022 WL 16745767, at *1 (S.D.N.Y. Nov. 7, 2022) (holding Plaintiff's "fail[ed] to adequately allege standing, as [the complaint's allegations] are at least

7

as conclusory as the allegations in *Calcano*"); *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022) ("Although Plaintiff alleges that he browsed Defendant's website between June 27, 2021 and June 2022, he does not indicate the frequency of his visits, when each visit occurred, that he has some particular interest in purchasing chocolate from this particular vendor, or any other facts from which the Court could plausibly infer he intends to return to the website."); *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC), 2023 WL 2024792, at *2–3 (S.D.N.Y. Feb. 15, 2023) ("Plaintiff's allegations that he visited the website 'with the intent of shopping for and potentially making a purchase' of those items, and 'would still like' to return to the website to 'potentially purchase' the items, does no more to allege intent to return than the boilerplate allegations described in *Calcano*.").

Accordingly, because Plaintiff's vague assertion that he "intends to return" to Defendant's website is "at least as conclusory as the allegations in *Calcano*," *Everlast Worldwide*, 2022 WL 16745767, at *1, he lacks standing in this case. Plaintiff's state law claims are also dismissed, since they "rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017); *Lopez v. Arby's Franchisor, LLC*, No. 19-CV-10074 (VSB), 2021 WL 878735, at *4 (S.D.N.Y. Mar. 8, 2021) (holding that, where Plaintiff lacked standing for his ADA claim, "Plaintiff also lack[ed] standing under his state and city claims").

c. **Mootness**

8

Additionally, Defendant has adequately demonstrated that Plaintiff's claims are moot. Defendant argues that Plaintiff fails to satisfy the second prong of the standing analysis—that it is "reasonable to infer that the discriminatory treatment would continue," *Calcano*, 36 F.4th at 74—because Defendant has corrected the closed captioning errors on the identified videos, conducted a full review of its website to ensure accessibility of all videos, and introduced new accessibility protocols. Def.'s Mem. Supp. of Mot. to Dismiss, ECF No. 14-1, at 8. Although there is significant overlap between standing and mootness, this argument is more properly analyzed under mootness standards, since it involves defendant's voluntary cessation of the challenged practice during the pendency of litigation, not at the time that Plaintiff initiated this action. *See Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 221 (2d Cir. 2018) ("Standing doctrine evaluates a litigant's personal stake as of the outset of litigation. Mootness doctrine determines what to do if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit . . . ." (citations and alterations omitted)).

A defendant asserting that a case is moot bears the burden of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *Diaz v. Kroger Co.*, 18 Civ. 7953 (KPF), 2019 WL 2357531, at *2 (S.D.N.Y. June 4, 2019). "Specifically, to moot an ADA website accessibility complaint based on the defendant's voluntary cessation, 'the defendant [must]

9

demonstrate that [i] there is no reasonable expectation that the alleged violation will recur and [ii] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Extract Labs, Inc.*, 2023 WL 2712537, at *2 (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)).

Here, Defendant argues that they have corrected the error that led to the identified videos lacking closed captioning, and there is no reasonable expectation that the challenged conduct—failing to provide closed captioning on the website's videos—will recur. Defendant's chief E-Commerce Officer, Todd Cabell, submitted a declaration detailing the steps the company took in response to this litigation. As soon as Defendant became aware of this lawsuit, Cabell conducted a manual review of the over 4,000 videos on the website to identify videos where closed captioning did not appear. Cabell Decl. ¶ 33–34. Defendant then contacted its website's video hosting provider (Creatable) to correct the caption display on the three identified videos—which it was able to do within one day of becoming aware of the complaint. *Id.* ¶ 35–36. Defendant and Creatable then manually verified that captions were displaying on all of the more than 4,000 videos on the website, determining that 27 of those videos were failing to display their captions correctly and correcting those videos immediately. *Id.* ¶ 37–38. Defendant then instituted new processes for accessibility, including a process for manually verifying that captions are rendering correctly for all videos. *Id.* ¶ 40. Finally, Crutchfield is "in the process of hiring a digital accessibility vendor to provide accessibility scans of the Website." *Id.* ¶ 41.

10

District courts have held that similar efforts have rendered website-based ADA claims moot. In *Diaz v. Kroger*, the court found the claims moot where one of defendant's officers averred

> specifically that (i) Defendant undertook compliance with [certain accessibility] standards before the lawsuit was filed; (ii) the Website is today compliant with those standards; (iii) he personally confirmed that the specific barriers to access identified in Plaintiff's initial and amended complaints "have been remedied and that no such barriers to access, as alleged, still exist with the website"; (iv) Defendant has no intention of undoing those changes or regressing to non-compliance with the ADA; and (v) Defendant commits "to keep its website up to date and compliant with all applicable standards to make the website as accessible to all as possible.

2019 WL 2357531, at *3 (citation omitted); *see also Extract Labs.*, 2023 WL 2712537, at *3 (holding that the complaint was moot where a Defendant had undertaken "an audit process," found "few instances of the barriers alleged," "resolved each of the identified issues, and "hired an independent contractor and expert" in accessibility guidelines "to remedy any other emergent issues after auditing its new website").

Defendant here has done equally as much to remedy the identified accessibility issues, if not more. Plaintiff contends that there is no "guarantee" that a video will not be inaccessible in the future, but that is not what the mootness standard requires. Defendant has made a credible showing that further closed captioning issues on their videos are not "reasonably expected to recur." *Friends of the Earth*, 528 U.S. at 290.

Because standing and mootness are threshold questions to establish jurisdiction, and because Plaintiff has failed to establish standing and Defendant

11

has demonstrated mootness, the Court does not reach Defendant's other asserted bases for dismissal: whether the Court lacks personal jurisdiction over Defendant or whether Plaintiff failed to state a claim under Rule 12(b)(6).  *See Diaz v. Kroger*, 2019 WL 2357531, at *5 ("The Court recognizes that, in instances in which it determines that it lacks subject matter jurisdiction, the preferred course of action is to refrain from considering other arguments proffered by the movant."); *see also Cornwell v. Credit Suisse Grp.*, 666 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2009) ("[A]bsent authority to adjudicate, the Court lacks a legal basis to grant any relief, or even consider the action further.").

## II.     Conclusion

For the reasons set forth above, the motion to dismiss the Complaint under Rule 12(b)(1) is GRANTED.  Within fifteen days, Plaintiff may file an amended complaint to cure the deficiencies articulated in this opinion.  If Plaintiff does not file an amended pleading, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

SO ORDERED.

*/s/ Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated:   June 2, 2023
         Brooklyn, New York